UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENISHA NICOLE CRAIG,

        Plaintiff,

                                              Hon. Paul L. Maloney

v.

                                              Case No. 1:23-cv-626

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  (ECF No. 16).  The Commissioner neither supports nor opposes the motion. (ECF No. 18).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be granted in part and denied in part.

## BACKGROUND

Plaintiff filed this action appealing the Commissioner's decision denying benefits. (ECF No. 1).  After Plaintiff filed an initial brief, the parties filed a proposed stipulation and order of remand. (ECF No. 11).  On October 19, 2023, the Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 12).  On October 24, 2023, the Court awarded Plaintiff an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,007.00. (ECF No. 15).  On November 25, 2024, Plaintiff was awarded disability benefits, including past-due benefits.  (ECF No. 16-1).  The agency withheld $22,770.25 (25%) from the past due benefits to pay representatives' fees.  (*Id.*)

## ANALYSIS

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap."  *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  "Under this rebuttable presumption, the contingency-fee agreement is the starting point for the court's analysis and courts must give such agreements close attention and due deference."  *Tucker v Comm'r of Soc. Sec.*, __ F.4th __, 2025 WL 1324167 at *2 (6th Cir. May 7, 2025) (cleaned up). "Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc); *see also Hayes v. Sec'y of Health and Hum. Servs.*, 923 F.2d 418 (6th Cir. 1990).

Under the contingent fee agreement, Plaintiff agreed to pay counsel a fee of 25% of the past due benefits resulting from her claim.  With respect to the first consideration, there is no suggestion that Plaintiff's counsel engaged in improper conduct or was ineffective.  On the contrary, Plaintiff's counsel secured a favorable result with substantial past due benefits.  With respect to the second consideration,

the Court must determine whether the requested fee will result in an undeserved

windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee
> contract exists, the hypothetical hourly rate determined by dividing the
> number of hours worked for the claimant into the amount of the fee
> permitted under the contract is less than twice the standard rate for
> such work in the relevant market. We believe that a multiplier of 2 is
> appropriate as a floor in light of indications that social security
> attorneys are successful in approximately 50% of the cases they file in
> the courts. Without a multiplier, a strict hourly rate limitation would
> ensure that social security attorneys would not, averaged over many
> cases, be compensated adequately.

*Hayes,* 923 F.2d at 422 (footnotes omitted).

Plaintiff's counsel states that he spent 28.25 hours working on this matter in

this Court.  (ECF No. 16 at PageID.931).  He says he is now requesting $17,763.25,

which is 25% of the past due benefits less the $5,007.00 EAJA fee he has already been

paid.  Based on these figures, Plaintiff's counsel calculates the hourly rate at $628.78

per hour.

Plaintiff's counsel is mistaken.  The Court must analyze the hourly rate based

on the total requested fee amount.  As correctly stated by the Commissioner,

Plaintiff's counsel is requesting a total fee in the amount of $22,770.25.  Based on the

time expended, the requested fee results in a hypothetical hourly rate of $806.03.

The Court has considered an hourly rate of $204.75 as reasonable in Social

Security Appeals.  *See Belanger v. Comm'r of Soc. Sec.*, Case No. 2:20-cv-9, Opinion

and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living

increases supported increasing the hourly EAJA rate from $175 to $204.75).  This

rate is also consistent with Plaintiff's counsel's time sheet, which shows an hourly

rate of $204.00.  (ECF No. 16 at PageID.930-931).  The standard hourly rate

3

establishes a *Hayes* "floor" of $409.50 per hour.  Plaintiff's counsel's hypothetical hourly rate nearly doubles the *Hayes* floor and is almost four times the typical hourly rate.  In the Court's view, awarding $22,770.25 is excessive and would amount to a windfall to Plaintiff's counsel.  Having reviewed the record in this case—specifically its complexity—and considering the results obtained, the Court concludes that a fee of $614.25 per hour (three times the typical hourly rate) is reasonable, resulting in a fee of $17,352.56.

Finally, while counsel is entitled to receive a portion of Plaintiff s past-due benefits, any award pursuant to § 406(b) must account for any amounts previously paid to counsel pursuant to the Equal Access to Justice Act.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").  Rather than award counsel the entire amount to which he is entitled and order him to refund to Plaintiff the amount previously paid in EAJA fees, the undersigned recommends reducing the amount awarded to counsel under § 406(b) by the amount previously awarded under the EAJA.  *See, e.g., Gonzales v. Saul*, 2020 WL 7050033 at *3 (E.D. Tenn., Nov. 6, 2020) (reducing the amount awarded under § 406(b) by the amount awarded under the EAJA satisfies the refund requirement identified in *Gisbrecht*).  Accordingly, the undersigned recommends that Plaintiff's counsel be awarded $12,345.56 (17,352.56 less $5,007.00 EAJA fees) pursuant to 42 U.S.C. § 406(b).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 16) be granted in part and denied in part.  Specifically, the undersigned recommends awarding Plaintiff's counsel $12,345.56 pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: May 19, 2025                                  /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge